## In re BRYKCZYNSKI.

### (District Court, E. D. Wisconsin. September 27, 1913.)

ALIENS (§ 65\*)—NATURALIZATION—DECLARATIONS OF INTENTION—SERVICE IN NAVY.

Act July 26, 1894, c. 165, 28 Stat. 124 (U. S. Comp. St. 1901, p. 1332), provides that an alien 21 years of age, who has enlisted or may enlist in the United States navy or marine corps, and has served or may serve five consecutive years in the navy or one enlistment in the marine corps, and has been or may be honorably discharged, shall be admitted to become a citizen on his petition, without previous declaration of intention. When such act was passed, Rev. St. § 1418 (U. S. Comp. St. 1901, p. 1007), required enlistments in the navy to be for not exceeding five years, and section 1608 declared that enlistments in the marine corps should be for not less than five years. By Act March 3, 1899, c. 413, § 16, 30 Stat. 1008 (U. S. Comp. St. 1901, p. 1007), the term of enlistment in the navy was changed to four years, and by Act March 3, 1901, c. 852, 31 Stat. 1132 (U. S. Comp. St. 1901, p. 1095) enlistment in the marine corps was reduced to four years, during all of which time honorable discharges were granted pursuant to Rev. St. § 1426 (U. S. Comp. St. 1901, p. 1010), to all who had fulfilled the three-year enlistment in the navy. *Held*, that the modification of the enlistment period should be regarded as effecting a *corresponding* modification in the requirements of the Naturalization Act, and hence proof of an alien's service of a four-year term of enlistment in the navy, his honorable discharge, and his immediate re-enlistment for a further term of four years, the proof showing five continuous years of service, was sufficient to dispense with a declaration of intention in proceedings for his naturalization.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 129; Dec. Dig. § 65.\*]

Application of Stanley Kasper Brykczynski for a certificate of naturalization. Granted.

The petitioner was born in Berlin, Germany, March 8, 1888, emigrated to the United States, and, since April 29, 1889, has been a resident of Wisconsin. He entered the United States navy May 20, 1908, upon a four-year term of enlistment. This service he completed, was honorably discharged, and immediately re-enlisted for a further four years, and now is, and ever since his first enlistment has been, continuously in the service. He has filed, and the court has heard, his petition for naturalization. In lieu of a declaration of intention, he offers to support such petition by competent proof of his honorable discharge from, and his five years consecutive service in, the navy.

Merton A. Sturges, Chief Naturalization Examiner, of Chicago, Ill., for the United States.

GEIGER, District Judge (after stating the facts as above). Petitioner's qualifications with respect to character and intelligence are fully conceded; and the only question submitted by the government is whether, upon the facts, his case comes within the act of July 26, 1894, which provides:

"An alien of the age of twenty-one years and upward who has enlisted or may enlist in the United States navy or marine corps, and has served or may hereafter serve five consecutive years in the United States navy or one enlistment in the United States marine corps, and has been or may hereafter be honorably discharged, shall be admitted to become a citizen of the United States upon his petition, without any previous declaration of his intention to

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

become such; and the court admitting such alien shall, in addition to proof of good moral character, be satisfied by competent proof of such person's service in and honorable discharge from the United States navy or marine corps."

Is it necessary under this section that the applicant show five consecutive years of service, and also an honorable discharge certificate which covers such five consecutive years? A review of the legislation governing enlistments and honorable discharges from the navy and marine corps will aid us in answering this question. In 1894, when the above act was passed, enlistments in the United States navy were prescribed to be "for a period *not exceeding* five years." Section 1418, R. S. (U. S. Comp. St. 1901, p. 1007). At that same time enlistments in the marine corps were prescribed to be for a period *not less* than five years. Section 1608, R. S. The former was changed by the act of March 3, 1899 (30 Stat. 100, c. 413, § 16 [U. S. Comp. St. 1901, p. 1007]), which prescribed that "hereafter the term of enlistment of all enlisted men of the navy shall be for four years." The latter was changed by the act of March 3, 1901 (31 Stat. 1132, c. 852 [U. S. Comp. St. 1901, p. 1095]), providing that "hereafter the enlistments into the marine corps shall be for a period of *not less* than four years." During all this time honorable discharges were granted to those who had fulfilled the three-year enlistment in the navy. Section 1426, R. S. (U. S. Comp. St. 1901, p. 1010).

Thus it will be seen that, when the Naturalization Act was passed, the statutes fixed a *maximum* term of enlistment in the navy and a *minimum* term of enlistment in the marine corps, each at five years—thus making it possible at that time to produce the evidence with respect to those who were in the naval service, in the form of a certificate of honorable discharge covering a full five-year term of enlistment; or it was possible at that time to offer proof of a shorter term of enlistment covered by an honorable discharge and proof of continued service under a further enlistment. With respect to those who had served in the marine corps, the question could not arise, because the naturalization statute calls for specific proof of *one enlistment* (which at that time could not be less than five years) and an honorable discharge. Now, while it may have been the intention of Congress to require proof of five consecutive years of service and a certificate of honorable discharge covering such whole period, the change in the enlistment term in the navy from that of a maximum of five years to a term of four years and no less, brings with it, as it seems to me, a corresponding modification in the requirements of the naturalization statute, unless we are ready to hold that its objects have been practically frustrated by the amendment. In other words, if a strict construction should now be adopted or adhered to, the result would be that one who had enlisted in the navy for a four-year term could not obtain the benefits of the Naturalization Act, because his certificate of honorable discharge could not cover a period of five consecutive years. The most he could expect to do was to serve two full enlistments, or eight years. and then offer, either the one certificate covering the eight years, or the two certificates covering four years each, to meet the statutory call for proof.

On the other hand, the amendment fixing the minimum enlistment in the marine corps at four years imposes upon aliens who have served therein and who seek naturalization conditions less rigorous than those existing when the act of 1894 was passed. There is no reason for adopting a construction which, in view of the amendments to the enlistment acts, will work such discrimination; and with respect to aliens who have served or are serving in the navy, proof of an honorable discharge after serving one enlistment of four years, with proof of re-enlistment and continued honorable service for the full five-year period, satisfies the statute. As indicated, when the act was passed, situations like the one before us could arise, because enlistments for terms of five years or less were possible. But the abolition of the five-year enlistment really compels the construction now given to the act.

The petitioner is entitled to be admitted, and an order may be entered accordingly.